MARCO LUCCO, Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

*Injuries resulting from negligence — improper appliances — violation of directions — employee entitled to notice of a dangerous situation.*

It is the duty of a corporation to use due care in supplying suitable and adequate apparatus and appliances for the safety of its employees, and its failure to perform this duty makes it chargeable with negligence.

An Italian laborer, who had never worked upon a railroad, was employed to to unload rails from a flat car belonging to a railroad corporation, which car was defective in that the drawhead of its rear end was gone and the car was connected to the next one by a chain. The effect of this defect was that there was nothing to prevent the cars from coming together except the bumpers. The laborer was injured by reason of his foot, which was outside the car and upon the platform, being struck when the cars came together by a projecting rail on the car next to the one which he was on. In an action brought to recover the damages resulting from the injury thus caused evidence was given tending to show that the laborer was forbidden to put his foot outside the car proper, and upon this point the defendant's counsel requested the court, and the court

refused, to charge the jury that if the plaintiff disregarded the direction he could not recover although he was not informed of the reason why the direction was given, but charged that if the jury reached the conclusion that the laborer was directed not to put his foot upon the platform, and was informed what the effect would be if he did so, and the cars came together, and he disobeyed the instructions and was injured, he could not recover.

*Held,* that, under the circumstances, the instructions of the court were proper.

APPEAL by the defendant, The New York Central and Hudson River Railroad Company, from an order of the Supreme Court, made at the Monroe Special Term and entered in the office of the clerk of the county of Monroe on the 28th day of January, 1895, denying its motion for a new trial made upon the minntes.

*Albert H. Harris,* for the appellant.

*Norris Bull,* for the respondent.

BRADLEY, J.:

The plaintiff received an injury which he charges was occasioned by the negligence of the defendant. He went into the service of the defendant to assist in unloading steel rails from ten flat cars, which were moved by an engine for the distribution of the rails along the track. When the train reached the point where they were wanted rails were thrown from either side of the cars. This was repeated when the train moved its length forward. Sixteen men were engaged in the work. At the time of the accident the plaintiff was at the rear end of the car next to the engine engaged in the act of lifting a rail to assist in throwing it from the car. His left foot was then resting on the platform of the car, and his leg was caught between a projecting rail of the next car and the car upon which he stood, and was injured. When the latter car was brought into requisition for service on that day it was defective in that the drawhead of the rear end of it had been broken or pulled out, and was entirely gone from the car, and this car was connected and held to that next to it by a chain. So far as the plaintiff's injury was attributable to the defective condition of the car the defendant was chargeable with negligence. The first inquiry, therefore, is whether such conclusion was warranted by the evidence.

The chain by which the cars were coupled did not permit the

separation of them quite as much as would the use of drawheads, and when the train stopped there was nothing between them to slack or stay their coming together until the contact of the bumpers. It seems that the intermediate movement of the train was short and slow for the purpose in which it was employed.   At the time of the plaintiff's injury the engine had stopped and the men were proceeding to cast off a rail from the car when the one in rear of it, moving forward, came in contact with it.   The inference is fairly permitted that the resistance of the drawheads, if the cars had been coupled by means of them, would have kept the cars so far apart as to have protected the plaintiff against the consequences to him which followed.   The evidence was such as to support the conclusion that the plaintiff's injury would not have been suffered if the car had been supplied with a drawhead, and that in view of the duty resting upon it to use due care in supplying suitable and adequate apparatus and appliances for the safety of its employees in the service the defendant was chargeable with negligence by which this accident to the plaintiff was occasioned. (*Bushby* v. *N. Y., L. E. & W. R. R. Co.,* 107 N. Y. 374.)

Whether or not negligence on the part of the plaintiff contributed in any degree to the cause of his injury was also a question of fact upon the evidence.   The circumstances of the occurrence as represented by the testimony of the plaintiff tended to show that he was free from fault in that respect.   There was evidence on the part of the defendant to the effect that he was through the directions of the foreman informed of the danger which might result from stepping on to the platform of the car and directed not to do so by a person who spoke in the Italian language, which was that familiar to the plaintiff.   He, however, denied by his evidence that he heard any such warning or direction, and testified that he had no knowledge that the car was defective in the respect before mentioned.   This was the first time he had ever been at work upon a railroad, and it appears that he had been engaged only about one hour when the accident occurred.   The question of contributory negligence was fairly submitted to the jury by the trial justice, who charged them that " if the plaintiff was informed that it was dangerous for him to stand upon the platform and he disobeyed the instructions and put his foot upon the platform and was injured, then he cannot recover."   The

question of his contributory negligence, as well as that of negligence of the defendant, was properly for the jury.

The defendant's counsel requested the court to charge that, if the jury found that the accident was occasioned solely by reason of the iron having been shifted on the car, the plaintiff was not .entitled to recover. The court declined to charge fully as requested and exception was taken. It is deemed unnecessary to consider that exception further than to say that our attention is called to no evidence and none is found tending to prove that the rails had shifted from the position in which they were placed on the cars when loaded upon them. The court was also requested to charge that, if the plaintiff disregarded the warning or direction given to him not to place his feet between the rails, he could not recover, although the jury might think that he was not informed of the reason why the order was given. The court, declining to charge in that language, instructed the jury that if they reached the conclusion that he was directed not to put his foot there, and that he was informed if he did put his foot on the platform what the effect would be if the cars came together, and he disobeyed the instructions, he could not recover. Exception was taken to the refusal to charge as so requested. This was not error. For the purpose of the question it must be assumed that the plaintiff was ignorant of the defective condition of the car and of the coupling of it with the next one; that he was aware of no danger from those causes, and that he was then engaged in the work at the place assigned to him. It is possible that he may have understood mere directions not to step on the platform as having relation to the method of doing the work and as not pointing to any danger to him. Then he may have been so busily engaged in the work and his attention been so occupied with it that he not being advised nor having any apprehension of danger, such direction may not at that moment have occurred to him.

In the absence from the proposition of the element of reason on on his part for the apprehension of danger, the court, in view of the place and under the circumstances in which the plaintiff was then engaged, was not required to charge it.

The suggestion is made that there may have been some other concurring cause of the accident for which the defendant was not

responsible, and, therefore, the question whether it was the result of such defective condition of the car was matter of speculation. That proposition, in the view taken of the evidence, is not applicable to the present case for the reason before stated, that the evidence permitted the jury to find that the injury would not have been suffered by the plaintiff if the cars had been coupled by means of drawheads in the usual manner.

There was no error in the rulings at the trial to the prejudice of the defendant. And the verdict was fairly supported by the evidence.

The order denying the motion for a new trial should be affirmed.

LEWIS, WARD and WERNER, JJ., concurred.

Order affirmed.

NOTE.— The rest of the cases of this term will be found in the next volume, 88 Hun.—[REP.